IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

MICHAEL S.,[1]

        Plaintiff,

                                          Civ. No 1:22-cv-00197-AA
                                          **OPINION & ORDER**

    v.

SOCIAL SECURITY ADMINISTRATION,

        Defendant.

_____

AIKEN, District Judge:

    Plaintiff Michael S. seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying benefits. The decision of the Commissioner is REVERSED and REMANDED for payment of benefits.

## BACKGROUND

    On December 3, 2019, plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning December

---

[1] In the interest of privacy, this opinion uses only first name and the initial of the last name of the non-governmental party or parties. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

22, 2017. Tr. 13. The claim was denied initially on September 22, 2020, and upon reconsideration on December 2, 2020. *Id.* Later at plaintiff's request, a hearing by telephone was held before an Administrative Law Judge ("ALJ") on October 7, 2021, because of the extraordinary circumstances presented by the Coronavirus Disease 2019 (COVID-19) Pandemic. *Id.* On November 3, 2021, the ALJ issued a decision finding plaintiff not disabled through his date last insured, June 30, 2019. Tr. 26. On January 5, 2022, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. Tr. 1. This appeal followed.

## DISABILITY ANALYSIS

Plaintiff is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r*, 648 F.3d 721, 724 (9th Cir. 2011).

> The five-steps are: (1) Is the claimant presently working in a substantially gainful activity? (2) Is the claimant's impairment severe? (3) Does the impairment meet or equal one of a list of specific impairments described in the regulations? (4) Is the claimant able to perform any work that he or she has done in the past? and (5) Are there significant numbers of jobs in the national economy that the claimant can perform?

*Id.* at 724-25; *see also Bustamante v. Massanari,* 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Bustamante*, 262 F.3d at 953. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54.

## THE ALJ'S FINDINGS

The ALJ performed the sequential analysis. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date, December 22, 2017, through his last date insured, June 30, 2019. Tr. 15.

At step two, the ALJ found that plaintiff had the following severe impairments through his last date insured: lumbar degenerative disc disease with stenosis, thoracic degenerative disc disease with spondylosis, left shoulder impingement syndrome, right medical epicondylitis, left medical epicondylitis, right trochanteric pain syndrome, right patellofemoral pain syndrome, migraine headaches, and left leg numbness. *Id.* At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 17.

Page 3 – OPINION AND ORDER

The ALJ found plaintiff had the residual functional capacity ("RFC") to perform light work with the following additional limitations: he can frequently operate hand controls, reach, push, pull, handle, finger, and feel with both upper extremities; he can occasionally push or pull or operate foot controls with both lower extremities; he can occasionally kneel, crouch, stoop, balance, and crawl; he can never climb ladders, ropes, and scaffolds and can never be exposed to unprotected heights and moving mechanical parts; he requires a cane to ambulate; he can tolerate occasional exposure to vibration; he is able to understand, carry-out, and remember simple instructions, and make simple work-related decisions; he will be off task 10% of the workday and will be absent one day per month.  Tr. 18.

At step four, the ALJ found plaintiff was unable to perform any past relevant work as a basic entry man in the army where he performed very heavy-duty work. Tr. 25.  At step five, the ALJ determined that through the last date insured, there were jobs that existed in significant numbers in the national economy that plaintiff could have performed including mail clerk, office helper, and routing clerk.  Tr. 25-26.  As a result, the ALJ found that plaintiff was not disabled between the alleged onset date and the date last insured.  Tr. 26.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record.  *Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence "means such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and internal quotation marks omitted). In reviewing the Commissioner's alleged errors, the court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).

When the evidence before the ALJ is subject to more than one rational interpretation, courts must defer to the ALJ's conclusion. *Batson*, 359 F.3d at 1198 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995)). A reviewing court, however, cannot affirm the Commissioner's decision on a ground that the agency did not invoke in making its decision. *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006). Finally, a court may not reverse an ALJ's decision on account of an harmless error. *Id.* at 1055–56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## DISCUSSION

Plaintiff alleges the ALJ erred by finding that plaintiff could perform other work when the vocational expert testified that limitations accommodated in the RFC would preclude employment. In the alternative, plaintiff also asserts that ALJ erred by improperly discounting his subjective symptom testimony, and improperly discounting the lay witness testimony of plaintiff's wife.

## I.    Vocational Expert Testimony

James Radke ("Radke") presented testimony as the vocational expert. During his testimony, The ALJ asked Radke if there were jobs in the national economy that an individual of plaintiff's age, education, and work experience could perform, if the individual is off task 10% of the workday and absent one day monthly. Tr. 57. Radke testified that such an individual would be performing "right on the edge of maintaining their employment." *Id.*

On cross-examination, plaintiff's counsel asked Radke to clarify his response to the ALJ's question, asking if an individual would be unable to maintain employment if "off task 10% of the workday *and* absent one day a month" or if he meant "off task 10% of the workday *or* absent one day a month." Tr. 59. Radke responded "Well it would be either." *Id.* Radke stated that a combination of the two would lead to termination: "If you were off task let's just say 10.5 percent per day, or averaging 1.2 days off per month, it would be my opinion that either of those would lead to a lack of persistence in keeping his job, and certainly in combination they would lead to likely termination." *Id.*

In the RFC assessment, the ALJ found plaintiff's limitations included being off task 10% of the workday *and* absent one day per month. Tr. 18. The ALJ determined that plaintiff was able to perform the requirements of representative occupations nationally, including mail clerk, office helper, and routing clerk. Tr. 26. The ALJ found that plaintiff was capable of making a successful adjustment to other work that existed in significant numbers in the national economy, and thus plaintiff was "not disabled." *Id.*

Plaintiff asserts that the ALJ erred in finding that plaintiff could perform other work, when Radke had testified that the limitations noted in plaintiff's RFC assessment precluded employment. The ALJ stated that plaintiff was limited to 10% off task and 1 day off per month, yet found plaintiff could adjust to light work, despite Radke's uncontroverted testimony that, in combination, such a limitation would preclude plaintiff's employment. Plf.'s Brief at 6.

Plaintiff claims that the ALJ erred in adopting the vocational expert's answer to a critical question, which established unemployability, yet still found that plaintiff could perform other work, in conflict with the vocational expert's testimony and thus the ALJ incorrectly found that plaintiff "could perform other work." Plaintiff argues that accepting Radke's uncontroverted testimony should result in remand for payment of benefits.

Defendant responds that Radke's testimony shows that limitations are disabling if a person is off task *more* than 10% of the time and/or missed *more* than 1 day a month and that plaintiff's limitations were below the threshold. Def.'s Brief at 3. However, Defendant does not distinguish between "being off task more than 10% of the time *and* more than 1 absence a month" and "being off task 10% of the time *or* more than 1 absence a month."

Remand for benefits is appropriate where the vocational expert concludes that an individual with the claimant's limitations would be unable to perform competitive employment, and that testimony is not properly credited. *Smith v. Saul*, 820 F. App'x

582, 586 (9th Cir. 202); *see also Ellen O. v. Comm'r, Soc. Sec. Admin.*, No. 1:21-CV-01577-YY, 2023 WL 4864439, at \*11 (D. Or. July 31, 2023) (same).

Here, the ALJ's finding that plaintiff was not disabled, but would be "off task 10% of the workday" and that plaintiff would be "absent one day a month" contradicted the vocational expert's testimony and resulted in error. *See Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007); SSR 00-4p (Dec. 4, 2000) (The failure to explain how the conflict was resolved was harmful error). If combined, the 2 limitations established unemployability. If the ALJ wanted to reject the vocational consultant's testimony, he had to express his intent to do so and explain how he had come to that conclusion. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). Instead, the ALJ asserted that he was relying on the vocational consultant's testimony, based on the consultant's expertise and experience. Tr. 26. The limitations in the hypothetical question, the RFC, and the vocational consultant's testimony, all matched, establishing unemployability, inability to perform SGA, and so disability, mandating that this Court find for plaintiff. *See Trevizo v. Berryhill*, 871 F.3d 664, 683 (9th Cir. 2017 (remanding for payment of benefits where the vocational expert had offered testimony about the effect of the relevant limitations on the individual's ability to perform work activity). Accordingly, the ALJ's determination was not supported by substantial evidence in the record.

## II.    *Remedy*

Because the Court determines that the ALJ erred in in assessing a residual functional capacity assessment and relying on a hypothetical question that exceeded

the off-task/absence tolerances testified to by the vocational consultant, it does not reach plaintiff's alternative arguments.

Thus, for the reasons set forth above, the Court concludes that the ALJ's decision contains harmful errors and must be reversed and remanded. The decision whether to remand for further proceedings or for the immediate payment of benefits lies within the discretion of the court. *Triechler v. Comm'r*, 775 F.3d 1090, 1101-02 (9th Cir. 2014). A remand for award for benefits is generally appropriate when: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed, there are no outstanding issues that must be resolved, and further administrative proceedings would not be useful; and (3) after crediting the relevant evidence "the record, taken as a whole, leaves not the slightest uncertainty" concerning disability. *Id*. at 1100-01 (internal quotation marks and citations omitted).

The ALJ's decision addressed whether plaintiff retains residual functional capacity to perform light work. The ALJ's determination that plaintiff retains the ability to perform light work was in error; because the vocational expert testimony established that an individual with plaintiff's limitations cannot perform a sedentary job or any other substantial gainful work that exists in the national economy. Thus, we need not return the case to the ALJ to make a residual functional capacity determination a second time.

## CONCLUSION

Under sentence four of 42 U.S.C. §405(g), the decision of the Commissioner is REVERSED and REMANDED for the immediate payment of benefits. This case is DISMISSED. Judgement shall be entered accordingly.

It is so ORDERED and DATED this 12th day of ___September___ 2023.

 /s/Ann Aiken
ANN AIKEN
United States District Judge